**UNITED STATES of America,**
**Appellee,**

v.

**Jackie LONGFELLOW, Appellant.**

**No. 12340.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1969.

Decided Feb. 13, 1969.

**416**

George A. Daugherty, Charleston, W. Va. (James Reed, Jr., Charleston, W. Va., on brief) for appellant.

W. Warren Upton, Asst. U. S. Atty. (Milton J. Ferguson, U. S. Atty., and Charles M. Love, III, Asst. U. S. Atty., on brief) for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

This is an appeal from a guilty verdict on a two-count indictment charging interstate transportation of stolen property. We reject the four points of error urged by the defendant, and affirm the judgment of the district court.

(1) We adhere to the rule established in Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), as we are bound to do, that upon cross-examination of character witnesses produced by defendant it is proper to question them as to whether they have heard rumors detrimental to the defendant. Although *Michelson* has been strongly criticized, we are not aware that it has been so eroded by other Supreme Court decisions as to permit our disregard of it. We think the district judge sufficiently followed the approved *Michelson* charge so that the subordinate contention that the trial judge's instructions to the jury, even under *Michelson*, were insufficient, is without merit.

(2) The search warrant contention is frivolous. Printed forms are a convenience, not a straitjacket. It matters not that the grounds for search appeared in the wrong place on the form. What is important is that they appeared.

(3) A government witness testified that the paint on one stolen vehicle had similar characteristics to paint seized under the search warrant. We reject as absurd the defendant's contention that such expert testimony cannot be received in evidence because lacking scientific certainty that the paint on the car was in fact the same paint seized under the warrant.

(4) The evidence about a green Mack truck and whether there were one or two such trucks is the stuff of which juries pick and choose and was clearly for their resolution. We find no reversible error in the district judge's instructions to the jury with respect to this evidence or on any other aspect of the case.

Affirmed.